**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| ISAIAH AYAFOR | * | |
| | * | |
| Plaintiff | * | COMPLAINT |
| | * | |
| vs. | * | |
| | * | |
| GLASSER & GLASSER, P.L.C. | * | JURY TRIAL DEMANDED |
| | * | |
| Defendant | * | |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

3. Venue is proper in this District because the acts and transactions occurred in the State of Maryland, Plaintiff resides in the State of Maryland, and Defendant transacts business in the State of Maryland.

**PARTIES**

4. Plaintiff is a natural person who resides in Prince George's County, Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant Glasser & Glasser, P.L.C. is a law firm, and its principal place of business is located at 580 E. Main Street, #600, Norfolk, Virginia 23510.

6. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it is a company collecting the debts of another, and its primary business is the collection of debts.

**FACTUAL ALLEGATIONS**

7. On August 4, 2010, Plaintiff completed a short sale on real property located at 1204 Patriot Lane, Bowie, Maryland 20716.

8. As it was a short sale, Plaintiff's obligation to the junior lien-holder was not fully satisfied and there remained a deficiency balance.

9. This was a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. At some point thereafter, this debt was transferred to the Defendant for collections from the Plaintiff.

11. In between the months of December 2011 and February 2012, representatives of the Defendant repeatedly attempted to contact the Plaintiff via telephone in order to collect on this debt.

12. On some of these calls, Plaintiff's minor daughter answered the phone and Defendant's representative identified himself and his employer and stated that this was an attempt to collect a debt.

13. Defendant's representative then asked to speak to the Plaintiff, but Plaintiff's daughter told him that the Plaintiff was not available.

14. Defendant's representative then asked Plaintiff's daughter to ask the Plaintiff to return their calls.

15. Plaintiff's daughter would then tell the Plaintiff that a debt collector had been calling for him and she gave to him the phone number which they provided.

**COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. This Court in *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) stated that in order for Plaintiff to make a successful claim under the FDCPA, he/she must show that

> (1) The plaintiff has been the object of collection activity arising from consumer debt;

    (2) The defendant is a debtor collector as defined by the FDCPA; and

    (3) The defendant has engaged in an act or omission prohibited by the FDCPA.

18. Here, all elements are present, satisfied, and cannot be disputed.

19. Defendant's communications with Plaintiff's minor daughter constitute violations of 15 U.S.C. § § 1692b(1), 1692b(3) and 1692c(b).

20. The only permissible purpose for which the Defendant may communicate with a third party is to gather location information of the Plaintiff; accordingly, the Defendant is not permitted to request the third party contact the Plaintiff to contact the Defendant.

21. Further, the Defendant is not permitted to communicate with that third party more than once.

22. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of the Plaintiff and caused him embarrassment and shame in his relationship with his daughter, causing severe agitation, annoyance and trauma.

23. As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant:

  a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

  b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

  c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

  d) For such other and further relief as this Court deems just and proper.

### TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 8th day of August, 2012;

ISAIAH AYAFOR

By: ___/s/_____
Robinson S. Rowe, Bar No. 27752
Rowe Barnett & Sohn, PLLC
5906 Hubbard Drive, Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com

*Attorney for the Plaintiff*